Argued June 26, reversed and remanded August 12, reconsideration denied September 18, petition for review denied October 1, 1974

STATE OF OREGON (No. 15-484), *Appellant, v.*
JEFFREY DAVID MORRIS, *Respondent.*

525 P2d 201

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Defendant was charged with criminal activity in drugs, furnishing marihuana and possessing over one ounce of marihuana. ORS 167.207. Prior to trial he moved to suppress the drugs involved in the case on the ground they were unlawfully seized by the police. The trial court suppressed and the state appeals. ORS 138.060 (3).

Undercover Police Officer Baxter went to defendant's apartment in Tigard to negotiate a previously arranged purchase of marihuana and heroin. Four other officers accompanied Baxter to the general area and kept defendant's apartment under surveillance while Baxter was inside. After Baxter had examined a plastic bag containing approximately a pound of marihuana, he asked defendant about the heroin and was told that another man would be there in approximately 15 minutes with the heroin. After waiting 30 minutes or so and the man not appearing, the officer decided to purchase just the marihuana and not wait for the man with heroin. He and defendant negotiated a price of $140 for the marihuana and the defendant accompanied Officer Baxter to his car. Baxter then opened his car trunk to get the money and made a prearranged signal which alerted the policemen who had come with him. Baxter at that time arrested defendant. Defendant then called out, apparently in an attempt to warn other persons who were in his apartment. Officer Baxter and another officer returned to the apartment and as they approached, Baxter could

see and hear a lot of movement inside the apartment. He knocked and finally was admitted by an occupant, Olson. Olson and another were then arrested for criminal activity in drugs. Baxter then looked in the bathroom because the toilet was running but he saw no marihuana residue there. He then went to the bedroom where he had last seen the pound of marihuana. It was not there. He then looked under the bed, in the closet, in a dresser drawer and then unsuccessfully elsewhere in the apartment. He was assisted by several other officers. Two other persons, a man and woman, were discovered present in another room at about the same time Baxter entered the bathroom. They were not arrested, but remained in the apartment during the search. Another officer shortly afterwards found the bag of marihuana in the grass directly under defendant's apartment window. The trial court suppressed the evidence because "* * * there were no exigent circumstances existing for that search * * *."

This case is controlled by the rule announced in *State v. Evans,* 10 Or App 602, 500 P2d 470 (1972), Sup Ct *review denied* (1973). In that case, while attempting to make an arrest, officers saw the potential arrestee armed with a handgun. The officers retreated, and a few minutes later the potential arrestee surrendered himself to them. He no longer had the handgun. The officers then entered the premises from which the arrestee had emerged, searched, found and seized the gun. This court reversed a trial court order suppressing the gun on the grounds that the arrest and the search leading to the seizure of the gun were all part of a continuous transaction and the seizure was thus incident to the arrest.

As in *Evans,* in the present case the arrest of

defendant and the reentry into the apartment to obtain the marihuana, which the officer had seen in defendant's hands moments before, were all part of a continuous transaction. As in *Evans,* the officers had the strongest possible probable cause to search because one of them had just seen a pound of marihuana in defendant's hands in the apartment. As in *Evans,* there were other persons in the apartment who were not under arrest. Given these circumstances, as in *Evans,* the officers were justified in making the search when they did without obtaining a search warrant.

The state contends that, since the marihuana was not seized in defendant's apartment but outside in the grass where it had apparently been thrown, it was subject to seizure as property as to which defendant had no expectation of privacy. We need not decide whether it was thus "abandoned" property and not subject to rules of search and seizure, as held in *Burton v. United States,* 272 F2d 473, 475-77 (9th Cir 1959), *cert denied* 362 US 951 (1960), because we have concluded that the search of the apartment, which ultimately led to the seizure outside the apartment, was proper.

Reversed and remanded.